# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHERON DAVIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:16-CV-377 CAS |
| CINDY GRIFFITH, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on state prisoner Sheron Davis's action pursuant to 28 U.S.C. § 2254. This case was referred to United States Magistrate Judge Noelle C. Collins for report and recommendation on all dispositive matters and for final disposition on all non-dispositive matters, pursuant to 28 U.S.C. § 636(b).

On August 17, 2017, Judge Collins filed a Report and Recommendation of United States Magistrate Judge which recommended that Davis's First Amended Petition be denied and the case dismissed without prejudice, and that his second motion for stay be denied. Judge Collins concluded that dismissal without prejudice is required because all of petitioner's claims are unexhausted and he has not met his burden to show that exceptional circumstances exist, and that a stay is not appropriate because the petition does not include any exhausted claims.

Petitioner filed timely objections to the Report and Recommendation, asserting that his claims have been exhausted in the Missouri courts because Section 558.074, Mo. Rev. Stat., merely codifies what the Missouri Supreme Court already decreed in his state habeas petition, and that he has consistently argued Missouri's scheme of providing the opportunity to apply for parole eligibility after twenty-five years does not meet the constitutional requirements of the Supreme

Court's decisions in Miller and Montgomery.[1] Petitioner contends he has fully litigated his Miller issues before the Missouri Supreme Court, and a Rule 91 habeas petition would be futile under 28 U.S.C. § 2254(B) because the Missouri Supreme Court has declared that the ability to apply for parole after twenty-five years is a sufficient Miller remedy. Petitioner argues that as a result, the state courts would not give any Rule 91 petition he might file a meaningful review. Petitioner also argues that if he is required to return to state court, this Court should stay the case because his only opportunity to seek timely relief under Miller is this habeas petition.

The Court has carefully reviewed petitioner's objections and the entire record of this matter. Following de novo review, the Court concurs in the recommendation of the Magistrate Judge, as contained in the well-reasoned and thorough Report and Recommendation.

**I. Background**

The background of this case was fully set forth by the Magistrate Judge, and the Court will repeat it here verbatim without further attribution.

Petitioner was convicted by a jury in the Circuit Court of St. Louis, Missouri, of murder in the first degree (Count I) and of armed criminal action (Count II). See State v. Davis, No. 22991-03429A (22nd Judicial Circuit, St. Louis City). On November 16, 2000, the Circuit Court sentenced Petitioner, a juvenile at the time of the offense, to a term of life without the possibility of parole on Count I to be served concurrently with a term of life on Count II. Id. On November 27, 2001, the Missouri Court of Appeals for the Eastern District affirmed the judgment. See State v. Davis, 66 S.W.3d 109 (Mo. Ct. App. 2001). Petitioner's request for transfer to the Missouri Supreme Court was denied on February 26, 2002. See State v. Davis, SC84238 (Mo. 2002). Petitioner then

---

[1] Miller v. Alabama, 567 U.S. 460 (2012); and Montgomery v. Louisiana, 136 S. Ct. 718 (2016).

2

filed a motion for post-conviction relief which was denied on June 26, 2002. See Davis v. State, 2202P-04257 (22nd Judicial Circuit, St. Louis City). Petitioner concedes that he did not raise any of the issues asserted in his Amended Petition before the post-conviction court (See Doc. 12 at 2). Petitioner did not appeal the motion court's decision.

On June 25, 2012, the United States Supreme Court issued its opinion in Miller v. Alabama, 567 U.S. 460 (2012). In Miller, the Supreme Court held that the Eighth Amendment prohibits a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. Id. at 479. On January 27, 2016, the United States Supreme Court decided the case of Montgomery v. Louisiana, 136 S. Ct. 718 (2016), holding that the rule of Miller must be retroactively applied to persons sentenced to mandatory life without parole for juvenile sentences before Miller was decided. Id. at 732.

On June 18, 2013, Petitioner filed a petition in the Missouri Supreme Court alleging that his sentence was unconstitutional in light of Miller. On March 15, 2016, the Missouri Supreme Court issued an order in Petitioner's case, as well as all other similarly situated cases, stating:

> NOW, THEREFORE, this Court, in order to comply with the constitutional requirements of Miller and Montgomery, hereby orders that this petition be sustained in part. This petitioner shall be eligible to apply for parole after serving 25 years' imprisonment on his sentence of life without parole unless his sentence is otherwise brought into conformity with Miller and Montgomery by action of the governor or enactment of necessary legislation. All other claims alleged in the petition and pending motions are denied without prejudice.

On March 21, 2016, Petitioner filed his Petition Under 28 U.S.C. § 2254 in this Court raising the following two grounds for relief:

> (1) Petitioner was denied due process of law and equal protection when the Missouri Supreme Court illegally altered his sentence and upheld his conviction for first degree murder; and

(2) Petitioner has been denied the right to a reasonable opportunity for release, which the United States Supreme Court has said is required for juveniles convicted of homicide, because Missouri's parole law provides no guidance or requirement that he be meaningfully considered for parole at any time.

On July 13, 2016, the Governor signed into law Missouri Senate Bill No. 590 ("S.B. 590"), 98th General Assembly, which states, in relevant part:

> 1. (1) Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence, . . . after serving twenty-five years of incarceration.
> . . . .
>
> 4. The parole board shall hold a hearing and determine if the defendant shall be granted parole.

(codified at Mo. Rev. Stat. § 558.047).

On July 19, 2016, the Missouri Supreme Court issued an order in light of S.B. 590, vacating its March 15, 2016 order granting Petitioner parole eligibility, overruling Petitioner's Motion for Rehearing as moot, and denying Petitioner's state court petition. This Court then issued a show cause order in this action directing the parties to submit briefs to the Court addressing whether the passage of S.B. 590 rendered the current action moot. In response, Petitioner filed a Motion to Amend his Petition which the Court granted.

On November 14, 2016, Petitioner filed his First Amended Petition raising the following five grounds for relief:

> (1) Petitioner was denied due process of law and equal protection when the Missouri Supreme Court illegally denied his request for habeas corpus relief because S.B. 590 does not give Petitioner a "meaningful opportunity for release" in accordance with Miller v. Alabama;
>
> (2) Petitioner has been denied the right to a reasonable opportunity for release, which the United States Supreme Court has said is required for juveniles convicted of

4

homicide, because Missouri's parole scheme lacks sufficient guidance or requirement that he be meaningfully considered for parole as contemplated in Miller;

(3) S. B. Bill 590 violates the Eighth Amendment, Due Process, Equal Protection, and Separation of Powers Principles;

(4) The Missouri Supreme Court's July 19 Order and direction to S. B. 590 is unconstitutional as it denies Petitioner a meaningful sentencing process, jury determination at sentencing, equal protection of the law and right to counsel; and

(5) Petitioner was denied due process of law and equal protection when the Missouri Supreme Court illegally denied his request for habeas corpus relief because S.B. 590 does [sic] is unconstitutional.

(Doc. 12 at 5, 7, 9, 11, 13). On January 19, 2017, Respondent filed his response to the First Amended Petition asserting, among other things, that Petitioner's grounds "appear timely but are not exhausted" (Doc. 15 at 3).

On March 20, 2017, Petitioner filed a Motion to Stay these proceedings, should the Court find that Petitioner's claims are not exhausted, until such time Petitioner can exhaust his claims in state court (Doc. 16). In support of the Motion to Stay, Petitioner provided the Court with an order granting a motion to stay proceedings in a similar case from the United States District Court for the Western District of Missouri (Doc. 16-1). Davis v. Bowersox, et al., No. 16-00246-CV-W-RK, 2017 WL 379463 ([W].D. Mo. Jan. 26, 2017).

**II. Discussion**

A petitioner must first exhaust his state law remedies before a federal court may grant relief on the merits of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Here, none of petitioner's claims contained in the First Amended Petition for Writ of Habeas Corpus are exhausted because the enactment of Senate Bill 590 broadens petitioner's claims under Miller and Montgomery such that they have not been

properly raised before the state courts. See Davis, 2017 WL 379463, at *4. The Court rejects petitioner's objection that his claims have been exhausted in the Missouri courts.

Petitioner also objects that it would be futile for him to attempt to exhaust his claims in state court by filing a petition pursuant to Missouri Supreme Court Rule 91. Petitioner contends such petitions "will not receive meaningful, substantive review" because "the Missouri Supreme Court has already decided the underlying issue." Objs. at 6. The Court disagrees. As stated above, the Missouri Supreme Court has not had the opportunity to address the broadened issues concerning Senate Bill 590 that petitioner raises in his First Amended Petition. Petitioner's speculative contention that Rule 91 petitions will not receive meaningful review in the Missouri courts is contradicted by a recent decision of the Missouri Court of Appeals granting a Rule 91 habeas petition and ordering the resentencing of a petitioner convicted in 1980 of capital murder at the age of seventeen. See Edwards v. Steele, __ S.W.3d __, 2017 WL 5145805 (Mo. Ct. App. Nov. 7, 2017). The petitioner in Edwards was sentenced under a mandatory sentencing scheme that imposed a sentence of life in prison without possibility of parole for 50 years, without any opportunity for consideration of his youth and related circumstances. The court held the mandatory sentence violated Edwards's Eighth Amendment rights under Miller, Montgomery, and State ex rel. Carr v. Wallace, 525 S.W.3d 55 (Mo. 2017) (en banc). Edwards, 2017 WL 5145805, at *5. See also Brown v. Precythe, No. 2:17-CV-04082-NKL, 2017 WL 4980872 (W.D. Mo. Oct. 31, 2017) (denying motion to dismiss suit alleging Missouri Department of Corrections' parole policies and practices violate the Eighth Amendment and due process rights of defendants sentenced to life without parole for crimes committed as juveniles, by depriving them of a meaningful and realistic opportunity for release as required by Graham v. Florida, 560 U.S. 48 (2010); Miller, and Montgomery). The Court rejects petitioner's assertion that any Rule 91 petition he might file in state court would be futile.

Finally, petitioner asserts that the one-year time limit of 28 U.S.C. § 2254 began to run after the Supreme Court's June 2012 decision in Miller, and contends that as a result his only opportunity to seek timely relief under Miller is with the instant petition. Petitioner objects to the dismissal of his petition on the basis of lack of exhaustion, and asserts that the Court should stay the petition to allow him to "re-file and futilely re-litigate the exact same issue (parole eligibility does not satisfy Miller) . . . in the interest of justice and judiciously efficient." Objs. at 7.

Where a habeas petition contains unexhausted claims, the case must be dismissed without prejudice to afford the petitioner an opportunity to exhaust the claims in state court. Rose v. Lundy, 455 U.S. 509 (1982). Because of the one-year limitation period of 28 U.S.C. § 2254(d), habeas petitioners may not be able to return to state court, exhaust their claims, and get back to federal court within one year. The "stay and abeyance" procedure, used when a federal habeas petitioner presents a "mixed" habeas petition containing exhausted and unexhausted claims, is intended to avoid this hardship. See Rhines v. Weber, 544 U.S. 269, 278 (2005). Under the procedure, a federal district court has discretion to stay the habeas action to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his petition. Id. As the Magistrate Judge stated in the Report and Recommendation, however, Rhines applies only to habeas petitions that contain both exhausted and unexhausted claims. Id. at 275-76. Here, none of petitioner's claims in the First Amended Petition are exhausted. The Court therefore cannot stay this action pursuant to Rhines and instead must dismiss it without prejudice.

## III. Conclusion

For the foregoing reasons, the Court concludes that petitioner's objections to the Report and Recommendation should be overruled. None of the grounds set forth in petitioner's First Amended Petition's grounds are exhausted. Petitioner's assertion that it would be futile to attempt to exhaust

7

his claims and obtain relief in state court is not persuasive; petitioner must return to state court and exhaust his claims. Finally, petitioner does not present a mixed petition of exhausted and unexhausted claims and therefore his petition cannot be considered for stay and abeyance. See Rhines, 544 U.S. at 277.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained**, **adopted** and **incorporated** herein. [Doc. 19]

**IT IS FURTHER ORDERED** that petitioner's Second Motion to Stay is **DENIED**. [Doc. 16]

**IT IS FURTHER ORDERED** that petitioner Sheron Davis's First Amended Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 is **DENIED** because it is unexhausted. [Doc. 19]

**IT IS FURTHER ORDERED** that petitioner Sheron Davis's Petition for Writ of Habeas Corpus is **DENIED as moot**, having been superseded by the First Amended Petition. [Doc. 1]

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of November, 2017.